IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MAURICE SABBA SCOTT,**

                **Plaintiff,**

    v.                              CASE NO. 17-3064-SAC-DJW

**SALINE COUNTY SHERIFF'S DEPARTMENT,
et al.,**

                **Defendants.**

**NOTICE OF ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner held in the Saline County Jail. He proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Here, plaintiff's average monthly deposit is $49.50, and the

average balance cannot be calculated from the ledger supplied. The court therefore assesses an initial partial filing fee of $9.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a praty proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to

relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

Plaintiff sues the Saline County Sheriff and two captains employed at the Saline County Jail[1], alleging a violation of his rights

---

[1] Although the complaint identifies the Saline Count Sheriff's Department in the caption, the body of the form complaint does not identify the department as a defendant, nor does plaintiff identify any departmental action in the complaint. The Court liberally construes the pro se pleading to allege only that the three

under the Fourth and Fourteenth Amendments. The complaint alleges that on February 22, 2017, jail employees removed plaintiff's shoes from his property and delivered them to the state district court. In Count I of the complaint, plaintiff alleges the shoes were given to the district attorney; however, in Count II, he states that in a grievance response, a jail employee stated that the "the court called for the shoes" (Doc. #1, p. 4). It appears the shoes were offered as evidence by the prosecutor in a jury trial in which plaintiff was found guilty (*Id.*, p. 1).

Because the shoes were delivered to the state trial court in response to a court order and as part of a criminal proceeding, the plaintiff's claims concerning the production and retention of his shoes as evidence should be addressed to that court by objection or motion in the criminal case. *See Thompson v. Larned State Hospital*, 597 Fed.Appx. 548 (10th Cir. Mar. 3, 2015)(affirming dismissal of action under Section 1983 where plaintiff challenged state hospital's release of medical records pursuant to subpoena from California court). The plaintiff offers no authority that would impose Section 1983 liability upon jail employees who respond to a court order directing the production of items held in the property of a jailed criminal defendant.

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause to the Honorable Sam A. Crow why this matter should not be dismissed for failure to state a claim for relief. The failure to file written, specific objections to this order waives de novo review by the district judge, *see Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)

---

individual defendants are employed by the Saline County Sheriff's Department.

and appellate review of both factual and legal questions. *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999).

IT IS, THEREFORE, BY THE COURT ORDERED that on or before May 26, 2017, plaintiff shall submit an initial partial filing fee of $9.50 to the clerk of the court.[2] Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before May 26, 2017, plaintiff shall show cause to the Honorable Sam A. Crow why this matter should not be dismissed for failure to state a claim for relief.

The failure to file a timely response may result in the dismissal of this action without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 25th day of April, 2017, at Kansas City, Kansas.

                                      s/ David J. Waxse
                                      DAVID J. WAXSE
                                      U.S. Magistrate Judge

---

[2] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).